# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

DANIEL HOSTETLER                                                  PETITIONER

v.                                                  CIVIL ACTION NO. 1:19-CV-80-GNS

JESSIE FERGUSON                                               RESPONDENT

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion to stay and abey his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 pending exhaustion of state remedies (DN 3) filed by Petitioner Daniel Hostetler through counsel. As reason, Petitioner argues that he has potentially meritorious claims that have not been litigated in state court; that there is an unresolved argument that the state court may still consider these claims that are being diligently pursued in state court; and that the failure to plead the claims sooner is not a function of strategy or deliberate delay but due to lack of access to effective counsel.

Petitioner was convicted of manslaughter and tampering with physical evidence. The petition, which was filed on June 21, 2019, contains five claims – three ineffective-assistance-of-trial-counsel claims, a challenge to the voluntariness of his plea agreement, and a freestanding innocence claim. He states that the petition has been filed within one year of the Kentucky Supreme Court's denial of his motion for discretionary review[1] but that he has filed a belated motion for cross appeal in the state court with regard to two ineffective assistance of counsel claims and that a CR 60.02 motion remains pending in state court raising his freestanding claim of innocence.

---

[1] According to the petition, Petitioner's conviction was vacated by the trial court on a RCr 11.42 motion related to a *Brady* violation. On appeal, the Kentucky Court of Appeals vacated and remanded the trial court's grant of relief. Petitioner filed a timely motion for discretionary review to the Kentucky Supreme Court, which was denied on September 19, 2018.

Respondent has responded (DN 6) that he has no objection to this habeas action being stayed pending exhaustion of state remedies.

It is well settled law that federal district courts may stay fully exhausted habeas petitions while the petitioner exhausts additional claims in the state courts. *See Andrews v. Horton*, No. 4:18-CV-12686, 2018 WL 4637310, at *1 (E.D. Mich. Sept. 27, 2018) (compiling authority). In doing so, the Court must consider the apparent merit of the unexhausted claims and whether the Court would benefit from a state-court ruling on the unexhausted claims. *Thomas v. Stoddard*, 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015) (citing *Rhines v. Weber*, 544 U.S. 269, (2005)). Additionally, the Court should consider whether ruling on the petition as it sits before the Court might preclude the consideration of additional claims in federal court based upon the expiration of the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act. *See* 28 U.S.C. § 2244(d)(1). Such circumstances warrant an abeyance. *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002).

Petitioner's claims do not appear to be "'plainly meritless.'" *Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009) (quoting *Rhines*, 544 U.S. at 277). Nor does it appear that Petitioner has engaged in "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. The Court determines that a stay is appropriate in this case.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id*. Since Petitioner has already filed a motion for belated cross-appeal with the Kentucky Court of Appeals and has a CR 60.02 motion pending in the state trial court, the Court is satisfied that Petitioner has taken the crucial first steps necessary to exhaust these claims. Petitioner need only ask this Court to lift the stay within sixty days of exhausting his

2

state court remedies. *See id.* "If [ ] the condition of the stay is not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (internal quotation omitted).

Based on the foregoing,

**IT IS HEREBY ORDERED** that Petitioner's motion (DN 3) is **GRANTED**.

The Clerk of Court is directed to **STAY** proceedings in this case pending further notice.

**IT IS FURTHER ORDERED** that within **45 days** from entry of the final ruling on Petitioner's post-conviction actions, Petitioner is **ORDERED** to return to this Court and file a motion asking the Court to lift the stay.

Petitioner is **WARNED** that failure to notify the Court of the resolution of his state-court action within the time allotted may result in dismissal of this petition.

Date: July 29, 2019

Greg N. Stivers, Chief Judge
United States District Court

cc: Counsel of record
4416.009